# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES MONROE CROSSON, JR., | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-06-1 |
| | § | |
| WARDEN JOE D. DRIVER, | § | |
|     Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner is in the custody of the Federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Corrections Institution in Three Rivers, Texas. Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2241, on January 3, 2006, arguing that his Fifth and Sixth Amendment right to have a jury determine any fact that increased his sentence was violated when the sentencing court used the federal sentencing guidelines to enhance his sentence. (D.E. 1, at 5). He further argues that he is being illegally held because he is actually innocent of the underlying charges used to enhance his sentence. Id. Finally, he asserts that his sentence is the result of a structural error because he will remain in BOP custody "for several years more than allowed by law for the actual offense he is charged and convicted upon." Id. Respondent filed a motion to

1

dismiss his petition on May 10, 2006.  (D.E. 23).  Petitioner failed to file a

response to respondent's motion.[1]

## I.  BACKGROUND

Petitioner was charged on October 19, 2000 in the United States District

Court for the Northern District of Texas, Abilene Division with being a convicted

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and

possession of a firearm with an obliterated serial number in violation of 18 U.S.C.

§ 922(k).  (D.E. 23, at Ex. B).  Pursuant to a plea agreement, he pleaded guilty, on

February 8, 2001, to being a felon in possession of a firearm.  Id. at Ex. A, at 6; at

Ex. D.

On May 11, 2001, the district court sentenced petitioner to 210 months in the

custody of the BOP to be followed by a five-year term of supervised release and

ordered him to pay a $100.00 special assessment.  (D.E. 1, at 3); (D.E. 23, at Ex. A,

at 7-8).  He did not file a direct appeal of his conviction and sentence.  (D.E. 1, at

8); (D.E. 23, at 2).

Petitioner did, however, collaterally attack the validity of his conviction and

sentence.  On May 9, 2002, he filed a motion to vacate his sentence pursuant to 28

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

U.S.C. § 2255, but it was dismissed on January 10, 2003.  (D.E. 23, at 7).  He filed

another motion to vacate his sentence pursuant to § 2255, on March 19, 2004, that

was denied as a successive petition.  Id. at 8.

In July 2005, petitioner sought authorization from the Fifth Circuit to file a

second or successive petition pursuant to 28 U.S.C. § 2255 so that he could

challenge his sentence based on United States v. Booker, 532 U.S. 220 (2005), and

Shepard v. United States, 544 U.S. 13 (2005).  See In re Crosson, No. 05-10868

(5th Cir. 2005); (D.E. 23, at Ex. C).  On August 2, 2005, the Fifth Circuit denied

his request for authorization.  Id.

Petitioner filed this action on January 3, 2006 pursuant to 28 U.S.C. § 2241

challenging the propriety of his sentence.  He argues that his Fifth and Sixth

Amendment right to have a jury determine any fact that increases his sentence was

violated when the district court, rather than the jury, illegally enhanced his

sentence, citing as support the Supreme Court's decision in Booker.  (D.E. 1, at 7-

17).  Respondent counters that petitioner is not entitled to relief because his

§ 2241 petition does not fall within the savings clause of § 2255 because Booker

does not apply retroactively on collateral review.  (D.E. 23, at 6-7).

3

## II.  APPLICABLE LAW

The Fifth Circuit has explained the difference between motions filed

pursuant to § 2255 and petitions filed pursuant to § 2241 as follows:

> Section 2255 is the primary means of collaterally
> attacking a federal sentence....  Section 2241 is used to
> attack the manner in which a sentence is executed.  A
> § 2241 petition which attacks errors that occur at trial or
> sentencing is properly construed under § 2255....
> Nevertheless, a § 2241 petition attacking a federally
> imposed sentence may be considered *if* the petitioner
> establishes the remedy under § 2255 is inadequate or
> ineffective....
>
> We join our sister circuits that have held that a prior
> unsuccessful § 2255 motion, or the inability to meet
> AEDPA's "second or successive" requirement does *not*
> make § 2255 inadequate or ineffective....  [Petitioner] is
> simply attempting to circumvent the limitations on filing
> successive § 2255 motions.

Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000) (per curiam) (italics in

original) (internal citations omitted); see also Pack v. Yusuff, 218 F.3d 448, 452-54

(5th Cir. 2000).

Thus a § 2241 petition which attacks errors that occurred at trial or

sentencing must either be dismissed, or construed as a § 2255 motion to vacate, set

aside, or correct a sentence.  Pack, 218 F.3d at 452.  There is an exception to this

general rule.  A § 2241 petition attacking a federally imposed sentence may be

4

considered if the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective," thereby invoking the savings clause of § 2255.  <u>Tolliver</u>, 211 F.3d at 878.  The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.</u>

28 U.S.C. § 2255 (emphasis added).

A petitioner must satisfy a two-prong test before the savings clause can be invoked to address errors occurring at trial or sentencing in a § 2241 petition.  The Fifth Circuit has explained the test as follows:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.  Under these circumstances, it can be fairly said, in the language of the savings clause, that the "remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention."  Of course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access of the savings clause.

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (italics in original) (citing Pack, 218 F.3d at 452).  Section 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective.  Id. at 901 (citing Pack, 218 F.3d at 452; Kinder v. Purdy, 222 F.3d 209, 214 (5th Cir. 2000)).  Notably, a § 2255 motion is not inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements under the Anti-Terrorism and Effective Death Penalty Act.  Pack, 218 F.3d at 452-453 (citations omitted).  Similarly, the procedural barrier of a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.  Id. at 453.

Petitioner has failed to show the remedy provided by § 2255 is inadequate or ineffective to address his claim.  Thus, he seeks relief that is available not pursuant to § 2241, but pursuant to § 2255.  His petition recognizes this, but he argues that his claim falls within the savings clause of § 2255, and thus may be brought in a § 2241 motion.  See (D.E. 1, at 6, 9, 17).

Despite his attempts to camouflage the nature of his case, what petitioner is attempting to do is to bring a Booker claim pursuant to § 2241 because the Fifth Circuit refused him permission to do so in his earlier § 2255 motion.  In Booker,

the Supreme Court affirmed its earlier holding in <u>Apprendi v. New Jersey</u>, 530

U.S. 466 (2000), that any fact, other than a prior conviction, which is necessary to

support a sentence exceeding the maximum authorized by the facts established by a

plea of guilty or a jury verdict must be admitted by defendant or proved to a jury

beyond a reasonable doubt.  532 U.S. at 244.  Petitioner wants to apply <u>Booker</u> to

his case because the district court enhanced his punishment based on prior

convictions that were not admitted by him or found by a jury.  However, the Fifth

Circuit has held that neither <u>Booker</u> nor <u>Apprendi</u> are retroactively applicable on

collateral review.  <u>See</u> <u>Padilla v. United States</u>, 416 F.3d 424, 426-27 (5th Cir.

2005) (per curiam); <u>In re Elwood</u>, 408 F.3d 211, 213 (5th Cir. 2005) (per curiam).

Accordingly, it is respectfully recommended that petitioner cannot meet the first

prong of the savings clause test, and therefore, his claim cannot be reviewed

pursuant to § 2241.

　　　　Where a petitioner is not entitled to proceed under the savings clause and

§ 2241, it is appropriate for this Court to construe his petition as a motion pursuant

to § 2255.  <u>Pack</u>, 218 F.3d at 452 ("A section 2241 petition that seeks to challenge

the validity of a federal sentence must either be dismissed or construed as a section

2255 motion.").  Thus, it is respectfully recommended that petitioner's motion is

properly construed as a § 2255 motion.

Construed as a § 2255 motion, the Southern District of Texas does not have jurisdiction over petitioner's motion.  Section 2255 motions must be filed in the court where the sentence or conviction being challenged was imposed.  Because petitioner is challenging a sentence imposed by the United States District Court for the Northern District of Texas, his § 2255 motion should be filed there.[2]  Because jurisdiction is not proper in this district, it is respectfully recommended that the Court dismiss petitioner's petition rather than transferring a petition it does not have jurisdiction over.  Lee v. Wetzel, 244 F.3d 370, 375 & n.4 (5th Cir. 2001).

### III.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on

---

[2] It is respectfully recommended that construed as a § 2255 motion, petitioner's motion is likely a "second or successive" motion.  See United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (a motion is "second or successive" when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.") (emphasis added) (internal citation omitted).  Petitioner is required to seek and acquire the approval of the appropriate court of appeals before filing a second or successive § 2255 motion, which approval has previously been denied by the Fifth Circuit.

a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether

9

the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack</u>, 529 U.S. at 484 (emphasis added).  In this case, it is respectfully recommended that reasonable jurists could not debate the denial of this petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

## IV.  RECOMMENDATION

For the reasons set forth herein, it is respectfully recommended that petitioner's habeas petition for relief pursuant to 28 U.S.C. § 2241, (D.E. 1), be construed as a motion pursuant to 28 U.S.C. § 2255 and be dismissed for want of jurisdiction.  It is further respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

Respectfully submitted this 15th day of June 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

11